HEATHER E. WILLIAMS, CA # 122664
Federal Defender
CHRISTINA M. CORCORAN, CA Bar # 344683
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
CHRISTIAN ESPINOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>CHRISTIAN ESPINOZA,<br><br>           Defendant. | Case No. 1:21-cr-00191-JLT-SKO<br><br>**UNOPPOSED MOTION FOR BAIL PENDING APPEAL; ORDER** |

Christian Espinoza hereby submits this unopposed motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b).  Bail pending appeal is appropriate in light of the unique procedural posture of Mr. Espinoza's case and the implications of the Ninth Circuit's decision in *United States v. Gomez*, 23-435, which came out after Mr. Espinoza's sentencing.  In relevant part, in *Gomez*, the Ninth Circuit held that California Penal Code § 245(a)(1) is not a crime of violence in light of the Supreme Court's decision in *Borden v. United States*, 141 S.Ct. 1817 (2021).  Accordingly, Mr. Espinoza's guidelines are 27-33 months pursuant to United States Sentencing Guidelines (U.S.S.G). § 2K2.1, and he has already far overserved a sentence within that guidelines range.

The government's eventual decision to seek rehearing *en banc* in *Gomez* means that Mr. Espinoza's appeal will likely be on hold until the Ninth Circuit rules on the government's petition and either issues a mandate in *Gomez* or opts to rehear the case.  The government has no

opposition to Mr. Espinoza's motion for bail pending appeal under the unique facts and procedural posture of this case.  The parties agree that release on the standard conditions of supervision is appropriate.

### A. Procedural History

On November 6, 2023, Christian Espinoza pleaded guilty to Count One, a violation of 18 U.S.C. § 922(g)(1), felon-in-possession of a firearm.  ECF Dkt. # 1 (Indictment); #60 (change of plea hearing).  The Presentence Report found the Base Offense Level to be 24 pursuant to U.S.S.G. § 2K2.1.  ECF Dkt. # 63, ¶ 24.  Specifically, the PSR found that Mr. Espinoza committed the offense subsequent to sustaining two felony convictions for California Penal Code § 245(a)(1), which it classified as crimes of violence.  *Id*.  Accordingly, after Acceptance of Responsibility, the PSR found the Total Offense Level to be 21, with a guidelines range of 70-87 months.  *Id*. ¶¶ 31-33.

Mr. Espinoza objected to the PSR's classification of California Penal Code § 245(a)(1) as a "crime of violence" in light of the Supreme Court's decision in *Borden v. United States*, 141 S.Ct. 1817 (2021).  ECF Dkt. # 67 (Objections to Presentence Report).  As such, Mr. Espinoza argued that the Base Offense Level was 14, and not 24.  *Id*. at 3.

At sentencing on August 26, 2024, this Court overruled Mr. Espinoza's objections to the PSR and sentenced Mr. Espinoza to 60 months of incarceration.  ECF Dkt. # 70 (sentencing hearing); Dkt. # 71 (judgment); Dkt. # 75, at 3-4 (sentencing transcript).

After sentencing, the United States decided *United States v. Gomez*, 23-435, which held that California Penal Code § 245(a)(1) is not a crime of violence in the wake of *Borden*.  Mr. Espinoza timely filed a notice of appeal.  ECF Dkt. # 72.  Although the parties had contemplated a stipulation to resentence Mr. Espinoza in light of *Gomez*, the government's eventual decision to seek rehearing *en banc* has apparently foreclosed that possibility.[1]  Nonetheless, based on the unique procedural posture of Mr. Espinoza's case, the government does not oppose Mr. Espinoza's release on bail pending appeal.

---

[1] The Ninth Circuit ordered Gomez to respond to the government's petition for rehearing en banc by January 27, 2025.  *United States v. Gomez*, no. 23-435, Dkt. 48.

**B.  The Legal Standard**

18 U.S.C. § 3143(b)(1) provides that the court shall order release of a person pending appeal if the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Ninth Circuit expounded upon this rule in *United States v. Handy*, holding that the district court erred in determining that it was without authority to grant bail unless it concluded that a conviction would likely be reversed on appeal and clarifying that a defendant need only present a "fairly debatable question that calls into question the validity of the judgment."  761 F.2d 1279, 1282 (9th Cir. 1985).  The Court explained that, properly interpreted, "substantial" defines the level of merit required in the question presented and "likely to result in reversal or an order for a new trial" defines the type of question that must be presented on appeal to determine whether a person may be release pending appeal under 18 U.S.C.S. § 3143(b).  *Id.* at 1280.

**C.  Legal Analysis**

The Court should grant  Mr. Espinoza's unopposed motion for bail pending appeal, which reflects the fact that Mr. Espinoza has already far overserved a guidelines sentence based on the Ninth Circuit's recent decision in *United States v. Gomez*, 23-435.  Specifically, Mr. Espinoza has served approximately 42 months of actual time in custody to-date, which is close to 85 percent of a 50-month sentence.  ECF Dkt # 63, at 1 (noting the original date of arrest was June 25, 2021).  Under *Gomez*, he has served a sentence 17-months above the high-end of the guidelines range of 27-33 months.  Indeed, according to BOP, Mr. Espinoza is scheduled to be

1    released on October 11, 2025 on his original 60-month sentence.  *See* BOP.gov. (Inmate

2    Locator).

3            First, Mr. Espinoza clearly does not pose a risk of flight or danger to the community

4    under these circumstances.  The legal system justifies incarceration based on the notion that it

5    will deter a person from committing future crimes, and Mr. Espinoza has served 42 months to-

6    date—approximately 17 months more than called for by the guidelines.  Furthermore, as the

7    Court noted at sentencing, Mr. Espinoza has a loving and supportive family waiting for him in

8    the community.  ECF Dkt. # 75, at 10-15 (sentencing transcript) (noting that Mr. Espinoza's

9    mother, stepfather, and siblings were present for him at sentencing and his sister spoke in his

10   support on their behalf at the hearing).  He intends to reside with his sister, Stacy, upon release.

11           Furthermore, in evaluating the § 3553(a) factors, the Court varied downward from the

12   guidelines by 10-months, emphasizing, in part, Mr. Espinoza's good conduct in returning to

13   Fresno from the Jericho Project in San Francisco after being released from the program, getting

14   in communication with his supervising officers, and self-surrendering.  *Id*. at 17 ("I do consider

15   significantly the fact that when you left Jericho that you didn't run.  I think that speaks a lot to

16   your character.").  This good conduct is further clear and convincing evidence that Mr. Espinoza

17   is neither a flight risk nor a danger to the community on release.

18           Second, Mr. Espinoza's appeal raises a substantial question of law likely to result in a

19   reduced sentence of imprisonment pursuant to 18 U.S.C. § 3143(b)(1)(B)(iv).  As noted above,

20   the Ninth Circuit's recent decision in *Gomez* is directly on point and supports a 10-level decrease

21   Mr. Espinoza's Base Offense Level and a dramatic decrease in his guidelines range—from 70-87

22   months to 27-33 months.

23           Because of the appellate process, the Ninth Circuit is unlikely to issue a substantive

24   ruling on Mr. Espinoza's appeal until the government's petition for rehearing *en banc* is

25   resolved.  Thus, even though the Government takes the position that *Gomez* was wrongly

26   decided, the Government does not dispute that Mr. Espinoza's appeal raises a substantial

27   question of law likely to result in a reduced sentence of imprisonment less than the total time

28   already served plus the expected duration of the appeal process, assuming that *Gomez* stands.

1

<u>Conclusion</u>

2

In light of the foregoing, Mr. Espinoza requests that this Court grant his unopposed

3

motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b) and order him released as soon

4

as possible.

5

Respectfully submitted,

6

HEATHER E. WILLIAMS
Federal Defender

7

8

Date: January 6, 2025

*/s/ Christina M. Corcoran*
CHRISTINA M. CORCORAN

9

Assistant Federal Defender
Attorney for Defendant

10

CHRISTIAN ESPINOZA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  HEATHER E. WILLIAMS, CA # 122664
   Federal Defender
2  CHRISTINA M. CORCORAN, CA Bar # 344683
   Assistant Federal Defender
3  2300 Tulare Street, Suite 330
   Fresno, CA  93721-2226
4  Telephone: (559) 487-5561
   Fax: (559) 487-5950
5
   Attorney for Defendant
6  CHRISTIAN ESPINOZA

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          Case No. 1:21-cr-00191-JLT-SKO

12              Plaintiff,
                                       [~~PROPOSED~~] ORDER OF RELEASE
13  vs.
                                       Judge: Hon. Jennifer L. Thurston
14  CHRISTIAN ESPINOZA,

15              Defendant.

16

17        On January 7, 2025, Mr. Espinoza filed a motion for bail pending appeal pursuant to 18

18  U.S.C. § 3143(b).  The government does not oppose the motion.  This Court GRANTS

19  defendant's motion for bail pending appeal for the reasons stated in Mr. Espinoza's unopposed

20  motion.

21        While on bail pending appeal, Mr. Espinoza is ordered to abide by the standard

22  conditions of supervision as set forth below.

23        (1) The defendant must not violate federal, state, or local law while on release.

24        (2) The defendant must cooperate in the collection of a DNA sample if it is authorized by

25            42 U.S.C. § 14135a.

26        (3) The defendant must advise the court or the pretrial services office or supervising

27            officer in writing before making any change of residence or telephone number.

28        (4) The defendant must appear in court and self-surrender as required.

(5) The defendant must also:

    a.  report to Pretrial Services as instructed by the Pretrial Services Officer and comply with the rules and regulations of the Pretrial Services Agency;

    b.  report telephonically to the Pretrial Services Agency within 24 hours of your release from custody;

    c.  reside at a location approved by the Pretrial Services Officer, and not move or absent yourself from your residence for more than 24 hours without prior approval of the Pretrial Services Officer;

    d.  your travel restricted to Eastern District of California, unless otherwise approved in advance by Pretrial Services Officer;

    e.  report any contact with law enforcement to your Pretrial Services Officer within 24 hours;

    f.  cooperate in the collection of a DNA sample;

    g.  not possess, have in your residence, or have access to a firearm/ammunition, destructive device, or other dangerous weapon and you must provide written proof of divestment of all firearms/ammunition, currently under your control;

    h.  submit to drug and/or alcohol testing as approved by the Pretrial Services Officer.  You must pay all or part of the costs of the testing services based upon your ability to pay, as determined by the Pretrial Services Officer;

    i.  refrain from any use of a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner; and you must notify Pretrial Services immediately of any prescribed medication(s).  However, medical marijuana, prescribed and/or recommended, may not be used;

    j.  not apply for or obtain a passport or any other traveling documents during the pendency of this appeal.

Accordingly, IT IS SO ORDERED that FCI Victorville release Christian Espinoza (Register Number: 56726-509) on January 11, 2025, at 9:00 a.m.

IT IS SO ORDERED.

Dated:  **January 10, 2025**

UNITED STATES DISTRICT JUDGE